## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re:

| | |
|---|---|
| Innovative Communication Company, LLC<br>Debtor | Bankruptcy No. 06-10133<br>Chapter 11 |
| | Related to Dkt. No. 235, Motion to Amend Venue Order and to Reinstate the Fed.R.Bankr.P. 1014(b) Stay filed on behalf of Greenlight Entities[1] |
| | Related to Dkt. No. 236, Motion to Reconsider the Order that Venue is Proper in the District Court for the District of the Virgin Islands, Bankruptcy Division, filed on behalf of Rural Telephone Finance Cooperative |
| Emerging Communications, Inc.<br>Debtor | Bankruptcy No. 06-10134<br>Chapter 11 |
| | Related to Dkt. No. 234, Motion to Amend Pursuant to Fed.R.Civ.P. 59(e) and Fed.R.Bankr.P. 9023 Venue Order and Reinstating the Fed.R.Bankr.P. 1014(b) Stay, filed on behalf of Greenlight Entities |
| | Related to Dkt. No. 235, Motion to Reconsider Order that Venue is Proper in the Districts Court for the District of the Virgin Islands, Bankruptcy Division, filed on behalf of Rural Telephone Finance Cooperative |

---

[1] The Greenlight Entities are Greenlight Capital L.P., Greenlight Capital Offshore, Ltd., and Greenlight Capital Qualified L.P.

1

| | |
|---|---|
| Jeffrey J. Prosser | Bankruptcy No. 06-10135 |
| Debtor | Chapter 11 |

Related to Dkt. No. 190, Greenlight's Motion for an Order Pursuant to Fed.R.Civ.P. 59(e) and Fed.R.Bankr.P. 9023 Amending Venue Order and Reinstating the Fed.R.Bankr.P. 1014(b) Stay, filed on behalf of Greenlight Entities

Related to Dkt. No. 191, Motion to Reconsider Order that Venue is Proper in the District Court for the District of the Virgin Islands, Bankruptcy Division, filed on behalf of Rural Telephone Finance Cooperative

## MEMORANDUM OPINION REGARDING MOTIONS OF GREENLIGHT ENTITIES AND RURAL TELEPHONE FINANCE COOPERATIVE (RTFC) TO REINSTATE THE FED.R.BANKR.P. 1014(b) STAY AND FOR RECONSIDERATION OF VENUE [2]

Before the court are motions pursuant to Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59(e) filed by the Greenlight Entities ("Greenlight") and the Rural Telephone Finance Cooperative ("RTFC")[3] seeking reconsideration of the court's order of December 14, 2006, determining that venue of the bankruptcy cases of these three related Debtors is proper in the U.S. Virgin Islands.[4] The history of the cases as relevant to the pending motions was set forth in the Memorandum Opinion that accompanied the court's Order dated December 14, 2006, and will not be repeated here.

---

[2] The court's jurisdiction is not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[3] The court will sometimes hereafter refer to Greenlight and the RTFC as "the Creditors."

[4] There are parties other than the Debtors and the Creditors to the "terms and conditions" and the court is not called upon to adjudicate any forum or venue selection clause as to them.

2

Greenlight's motion seeking amendment of the December 14, 2006, order was addressed by the court on the record during certain hearings and the court clarified that the provision in the December 14 order that set January 22, 2007, as a date by which the parties should file motions regarding the venue order was not intended to establish a limitations period nor to preclude parties from asserting in later pleadings that a particular matter should be heard in Delaware. Rather, the court was attempting to ascertain that the venue order did not inadvertently leave any pending motion in the Delaware involuntary bankruptcy cases without a hearing or ruling. The court recognizes that 28 U.S.C. §1412 governs transfers of cases or proceedings applicable to these bankruptcy cases. The court believes that the parties do not seek further clarification or amendment regarding the January 22, 2007, date and the court will not address anything more in that regard.

Greenlight also asked that the court reimpose the stay of proceedings in the Virgin Islands pursuant to Fed.R.Bankr.P. 1014(b). The initial premise stated was that Greenlight was called upon to respond to a motion to withdraw the reference filed by Debtors in the Virgin Islands cases, even though the motion for reconsideration of the venue order was pending. Since that time, however, the District Court has denied the request to withdraw the reference. Thus, the matter is no longer of significance to the request for the reimposition of the Rule 1014(b) stay.

In addition, the court finds that there is no other basis to reimpose the Rule 1014(b) stay because the parties have been able, since the venue order was entered, to file pleadings in the Virgin Islands and will be able, as they choose, to request that particular matters be heard in the District of Delaware, as the court will address below. Thus, the Rule 1014(b) stay is no longer

3

necessary and the cases will now proceed with the orders for relief having been entered in the voluntary cases filed in the Virgin Islands.

Both the RTFC and Greenlight seek reconsideration of the venue order on a number of substantive grounds: (1) that there is newly discovered evidence that the court should consider; (2) that the court misinterpreted the venue selection clauses of a certain written agreement that the RTFC and Greenlight entered into with the debtors and others, referred to throughout these bankruptcy cases as either the "settlement" or the "terms and conditions."[5] Implicit in this argument is the Creditors' view that the major actions in the bankruptcy cases will involve the interpretation and application of the "terms and conditions" and that, pursuant to the venue selection clauses in that document, all such actions must be brought in the District of Delaware.

After due consideration of the pleadings, evidence, briefs, case law, and arguments of counsel, the court reiterates its finding that venue of the bankruptcy cases is proper in the U.S. Virgin Islands. However, nothing in the court's December 14, 2006, opinion and order, or in this opinion and order, prevents a party from raising venue issues concerning any particular matters. See 28 U.S.C. § 1408, et seq. The basis for the court's ruling follows.

Regarding the "newly discovered evidence" contention, the court finds that the only thing alleged that was "new" and therefore not considered by the court prior to the December 14 order was the action of the Debtors in seeking to withdraw the reference. The motion to withdraw the reference is not the type of "newly discovered evidence" that the court deems appropriate for reconsideration of its venue ruling. In fact, the motion is not evidence at all.

---

[5] The "terms and conditions" were filed under seal in the Delaware cases. See Motion to File Under Seal and related orders at Dkt. Nos. 118, 122 in 06-10133, Dkt. Nos. 116, 120 in 06-10134, Dkt. Nos. 77, 82 in 06-10135.

4

Regarding the court's alleged error in construing the "terms and conditions," filed under seal, the court finds that it has not misconstrued the document. Creditors assert that forum selection and venue selections clauses are enforceable in bankruptcy, a general legal proposition with which the Debtors and this court agree. The court parts company with the Creditors only insofar as the question concerns the extent of the "jurisdiction and venue" provisions of the "terms and conditions."

By its terms, the "jurisdiction and venue" section applies to the "terms and conditions." The document states:

> These Terms and Conditions shall be governed by the internal substantive laws of the State of Delaware (without regard to its conflict of law principles). The Parties irrevocably agree that in the event of any litigation enforcing the terms and conditions herein, or otherwise relating in any way to the matters addressed herein . . ., any such litigation shall be brought exclusively in . . . Delaware . . . . Each of the Parties irrevocably consents to personal jurisdiction and venue in . . . Delaware . . . in connection with any actions to enforce the terms and conditions herein or otherwise relating in any way to the matters addressed herein . . . and waives any objection to venue laid therein. . . .

The Creditors contend that the quoted language is broad enough to encompass virtually all proceedings in this case, because many of the actions involve the dispute between them and Debtors over whether the "terms and conditions" document is an executory contract that Debtors may assume or whether it is an option contract under which the time to make payment of a discounted amount has long since expired. Although there is substantial dispute on this point and with respect to how it will affect the Debtors' reorganization and whether it will serve as the basis for a plan of reorganization at all, those factors are not determinative of the appropriate venue of the main bankruptcy cases. The court does not read the provisions to require

5

prosecution of the bankruptcy cases themselves in the District of Delaware. The "terms and conditions" attempt to provide a mechanism for resolution of a subset of claims against the Debtors, albeit claims involving hundreds of millions of dollars, regardless of whether the view of the Debtors or the Creditors is ultimately accepted as to the dollars required to be paid to satisfy those claims. The "terms and conditions" do not deal with other creditors' claims and other creditors are not parties to the agreement. Therefore, the document does not purport to control the bankruptcy proceeding itself. Indeed, it cannot do so because all creditors are not party to it.

Another provision of the document discusses the effect of the "terms and conditions" on actions that were pending by and between the parties to the agreement when it was executed. The "Effect on Proceedings" section is an acknowledgment that the parties intended to continue to pursue all actions that were then pending, including the involuntary cases that had been commenced by the Creditors in Delaware, "in the appropriate court or courts." There is no specification of the bankruptcy court in Delaware as the "appropriate court or courts."

Moreover, if Debtors made the payment contemplated by the document on or before the due date, the only obligation of the parties stated in this agreement as to the bankruptcy cases was to cooperate with each other to obtain the dismissal of the involuntary bankruptcies with prejudice and to obtain an order that the payment required by the "terms and conditions" was not a fraudulent conveyance or preference. Thus, the very language of the "terms and conditions" that contemplated that the underlying bankruptcy cases would be carried on "in the appropriate court or courts" if the payment was not made and that efforts would be made to have them dismissed with prejudice if the payment was made, belies the assertion that the parties

6

contemplated that they would continue, for all purposes and for all time, in the District of Delaware.

In addition, the court notes that the "terms and conditions" does not mention the possibility that Debtors would commence their own voluntary cases. Every reference in the document to the bankruptcy cases therein refers to the "Alleged Debtors," and for good reason – as of the execution date of the document, there had not yet been an adjudication and the Debtors were still "alleged debtors" subject to a determination of whether the order for relief would be entered at all. Thus, there is nothing in the "terms and conditions" that purports to cover the forum of the voluntary cases that Debtors filed in the District of the Virgin Islands. Therefore, the court finds nothing in the "terms and conditions" that is a forum selection clause favoring the District of Delaware as to the bankruptcy cases.

The language of the "terms and conditions" is a venue selection choice for certain matters but the court is not called upon at this time to adjudicate when and under what circumstances actions will be subject to the venue selection clause. The parties may raise that issue as and when it is ripe.

The RTFC has also argued that a certain stipulation filed by the parties regarding a waiver of defenses, counterclaims, rights of offset, setoff etc., as to the liabilities and claims of the RTFC bars Debtors from pursuing certain litigation and objections to claims of these Creditors that Debtors have undertaken in the Virgin Islands cases. That issue is not appropriately considered on reconsideration of the venue order. Rather, if Creditors have affirmative defenses or other defenses to raise in the context of the specific litigation in question, they are free to do so in accordance with proceedings governing those separate matters.

Therefore, for the reasons expressed in the Memorandum Opinion and Order of December 14, 2006, as clarified herein, the Motions for Reconsideration will be denied.

DATED: February 13, 2007

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

THE CASE ADMINISTRATOR WILL SERVE COPIES OF THIS OPINION ON THE FOLLOWING PARTIES:

Douglas P. Bartner
Shearman & Sterling, LLP
599 Lexington Avenue
New York, NY 10022-6069

Mark L. Desgrosseilliers
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Gregg M. Gilardi
Skadden, Arps, Slate Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Jason M. Madron
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Kevin J. Mangan
Monzack and Monaco, P.A.
1201 Orange Street, Suite 400
Wilmington, DE 19801

Lisa Cresci McLaughlin
Phillips, Goldman & Spence
1200 N. Broom Street
Wilmington, DE 19806

Francis A. Monaco, Jr.
Monzack and Monaco, P.A.
1201 Orange St., Ste 400
Wilmington, DE 19801

David N. Ravin
Wolff & Samson, PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052

Carol A. Rich
Dudley, Clark & Chan, LP
9720 Estate Thomas
Havensight
St. Thomas, VI 00802

Scott C. Shelley
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Karen B. Skomorucha
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Jenna B. Taub
Robert F. Craig P.C.
1321 Jones Street
Omaha, NE 68102

Matthew P. Ward
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

9